**Chad F. CROXFORD**

v.

**Elaine ROBERTS.**

Supreme Judicial Court of Maine.

Argued May 5, 1986.

Decided May 22, 1986.

Farris & Susu, Mark E. Susi (orally), Gardiner, for plaintiff.

Arthur D. Dolloff (orally), Topsham, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Plaintiff, Chad E. Croxford, father of a four-year-old illegitimate daughter,

had in District Court (Bath) obtained judgment against the Defendant, Elaine Roberts, who is that child's maternal grandmother, that all parental rights to his daughter, including custody, are vested in him. The grandmother's appeal to Superior Court (Sagadahoc) was denied, and she has brought the case here on appeal. We, likewise, affirm the judgment below.

■ The District Court was correct in applying 19 M.R.S.A. § 213 (1981), which provides:

> If one of the parents of a minor child is dead or has abandoned such child, all parental rights respecting such child shall devolve upon the other parent.

Here the child's mother died several weeks before this action was commenced, and pursuant to section 213 all parental rights devolved upon the Plaintiff.

■ Invoking *Merchant v. Bussell*, 139 Me. 118, 122, 27 A.2d 816, 818 (1942), the grandmother urges that the right of a parent to custody of his child is not an absolute right, but that the welfare of the child is the controlling consideration. As we observed in *Merchant*, however, the parent's right should be limited "only for the most urgent reasons." *Id.* Here the trial judge made no finding that would support the grandmother's claim that the father abandoned the child. Indeed, his findings imply the contrary.

Moreover, after judgment the grandmother did not move pursuant to M.D.C. Civ.P. 52(b) for additional findings of fact. Without a request for findings on the issue of abandonment, we conclude that the trial judge found for the Plaintiff on all issues of fact necessarily involved in his ultimate decision. *Harmon v. Emerson*, 425 A.2d 978, 981 (1981).

Our entry is:

Judgment affirmed.

All concurring.